# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **NATHAN BERNARD LOGAN** <br> **LA. DOC #396431** <br> **VS.** | **CIVIL ACTION NO. 3:10-cv-1883** <br><br> **SECTION P** <br><br> **JUDGE ROBERT G. JAMES** |
| **SHERIFF MIKE TUBBS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Nathan Bernard Logan, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 8, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana. Plaintiff complains that he was denied prompt medical attention after he sustained an injury while participating in a work-release program. He sued Lt. Danny McGrew, the Director of MPDC's work-release program, Morehouse Parish Sheriff Mike Tubbs, MPDC Warden Robert Tappin and Steve Brown, the owner of Poverty Point Produce, where plaintiff was injured. Plaintiff has prayed for an unspecified amount of money damages and for his transfer to a half-way house. This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to F.R.C.P. Rule 41.

### *Background*

Plaintiff filed his original complaint on December 8, 2010. According to the complaint, plaintiff is an LDOC inmate who is imprisoned at the MPDC. On August 14, 2010, he was

participating in MPDC's work-release program at the Poverty Point Produce Company. He sustained an unspecified injury to his back at approximately 11:36 a.m. At noon, defendant Steve Brown called Lt. Danny McGrew and informed him of plaintiff's accident and injury. However, plaintiff remained on the job site, in 100° temperatures until 5:00 p.m. when the other work-release participants finished their work and a van from MPDC transported them and plaintiff to the jail. Plaintiff remained at MPDC until 10:00 p.m. when he was transported to the E.A. Conway Hospital for treatment. [Doc. 1]

On February 25, 2011, plaintiff was ordered to amend his complaint to provide additional factual support for his claim. [Doc. 6] On March 28, 2011, plaintiff requested either the appointment of counsel, or, in the alternative, that he be given additional time to retain counsel or respond to the order directing him to amend his complaint. Plaintiff implied that he was unable to respond to the order directing amendment of his complaint because MPDC "... does not have the filing information that I need, nor do they have the proper material for me to look up cases and etc." [Doc. 7] On April 5, 2011, plaintiff's motion for appointment of counsel was denied. However, plaintiff was given until April 29, 2011, within which to comply with the February 25, 2011, amend order. [Doc. 8]

Plaintiff has not complied with the February 25, 2011, amend order, nor has he requested an additional extension of the deadline to respond. While he contends that he is unable to comply with the order due to deficiencies in the MPDC law library, the order directing him to amend did not require him to provide any legal argument but rather to provide specific facts in support of his claims for relief. For example, plaintiff was directed to identify each person who violated his rights; to describe what each person did to violate his rights; to state the date and place where the deprivation occurred; and to describe the ultimate injury or harm that befell him as a result of the alleged

2

violations. Finally, plaintiff was directed to state the type of treatment that would have been proper and to describe the nature of the harm or injury that resulted from the alleged delay in providing medical care. Plaintiff is surely aware of the facts which support his claim and he has offered no reason to believe that the inadequacies of the MPDC law library could in any way hinder his ability to respond to the amend order. Nevertheless, three months have passed since he was originally directed to provide those facts and he has yet to respond.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to comply with an order directing him to amend his complaint; he was afforded an extension of the original deadline and he has still failed to respond. This failure on his part warrants dismissal of the complaint.

Dismissal at this time will not necessarily result in the loss of the cause of action due to prescription; plaintiff complains that he was denied medical care in December 2010; less than one-year has transpired since the date of his injury. In other words, the applicable statute of limitations will probably not bar plaintiff from re-filing the instant suit, provided he files within one-year of the date of the incident.

Nevertheless, it is possible that dismissal at this juncture will effectively constitute dismissal

"with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored the order directing him to amend his complaint; he has alleged insufficient facts to warrant service of process and no further action can be taken until he amends and provides the requested factual information. Since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's unrepentant flaunting of the order to amend reflects his own contumaciouness or "stubborn resistance to authority" which must be personally attributable to him as a *pro se* litigant.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, May 26, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE