UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NATHAN BERNARD LOGAN** <br>     **LA. DOC #396431** <br> **VS.** | **CIVIL ACTION NO. 3:10-cv-1883** <br><br> **SECTION P** <br><br> **JUDGE ROBERT G. JAMES** |
| **SHERIFF MIKE TUBBS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Nathan Bernard Logan, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 8, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana. Plaintiff complains that he was denied prompt medical attention after he sustained an injury while participating in a work-release program. He sued Lt. Danny McGrew, the Director of MPDC's work-release program, Morehouse Parish Sheriff Mike Tubbs, MPDC Warden Robert Tappin and Steve Brown, an individual associated with Poverty Point Produce, where plaintiff was employed and where he was injured. He prayed for $100,000 in punitive damages and $2 million for pain and mental anguish. [Doc. 1]

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted, and, to the extent his complaint can be construed as one for same, that his state law claim for Workers' Compensation benefits be **DISMISSED WITHOUT PREJUDICE.**

*Background*

*1. Original Complaint [Doc. 1]*

Plaintiff is an LDOC inmate who is imprisoned at the MPDC. In his original complaint, he alleged that on August 14, 2010, he was participating in MPDC's work-release program at the Poverty Point Produce Company. He sustained an unspecified injury to his back at approximately 11:36 a.m. At noon, defendant Steve Brown, an individual associated with Poverty Point, called Lt. Danny McGrew and informed him of plaintiff's accident and injury. However, plaintiff remained on the job site, in 100° temperatures until 5:00 p.m. when the other work-release participants finished their work assignments and a van from MPDC returned the work crew and plaintiff to the jail. Plaintiff remained at MPDC until 10:00 p.m. when he was transported to the E.A. Conway Hospital where he was examined and provided unspecified treatment.

*2. Amended Complaints [Docs. 6, 16 and 17]*

On February 25, 2011, plaintiff was directed to amend his complaint to provide factual support for his otherwise conclusory claims. Among other things, he was instructed to "...allege facts sufficient to demonstrate what each defendant did to violate his rights." He was also ordered– to describe the nature of his original injury; to describe the type of treatment that would have been proper under the circumstances; and, to allege the nature of the injury he sustained as a result of the delay in providing medical care.

On August 30, 2011, plaintiff submitted his amended complaints. In his first amended complaint, he claimed that the accident occurred when he and his fellow inmates were cleaning the potato digger and the operator, an employee of Poverty Point, activated the machine. Plaintiff was caught and pulled into the machinery. His fellow inmates attempted to free him but were unable to

do so until the operator realized plaintiff's predicament and turned the machine off. According to plaintiff, he was terrified by the accident and "scorned ... for life." He complained that he is still having unspecified problems with his back and is not receiving unspecified but necessary medical care.

He again noted that Steve Brown, his job supervisor at Poverty Point, contacted Lt. McGrew at noon, approximately 24 minutes after the accident. Nevertheless, plaintiff remained on the job site until 5:00 p.m. enduring 100° temperatures, pain, and fear. He was eventually returned to the jail, but was not taken to the hospital until 10:00 p.m.

Plaintiff claimed that Lt. McGrew "was informed of [the] situation and did not act according[] to procedure..." McGrew ignored plaintiff's "situation" and neglected to seek medical treatment for him. He faulted Steve Brown as the "employer" and for failing to provide Workers Compensation. He faulted Sheriff Tubbs, Warden Tappin and an additional defendant identified as Assistant Warden Brown because "they are superior officers of [MPDC]..."

In his second amended complaint filed on the same date, plaintiff named only Sheriff Tubbs as a defendant and complained only that he was denied immediate medical treatment following the accident. He prayed for punitive damages against Sheriff Tubbs and compensatory damages for pain and mental anguish; he also requested "a complete evaluation."

Plaintiff also provided copies of the Administrative Remedies Procedure Grievance and the Warden's response. The grievance outlined claims virtually identical to those set forth in his various complaints with regard to the date, time, and place of the accident, and with regard to the temporal delays in providing medical care. The MPDC administration denied plaintiff's grievance based upon the written statements of Brown and McGrew. According to Brown, following the accident, he "...

3

offered to take [plaintiff] to the emergency room, [plaintiff] declined medical treatment, just wanted the van to come and pick him up." McGrew's incident report stated that he received a call from Mr. Brown at approximately 2:00 p.m. (1400 hours). McGrew corroborated Brown's statement that plaintiff was offered immediate transportation to the emergency room but declined. According to the report, Brown also advised McGrew that plaintiff was bruised but otherwise seemed "o.k." McGrew then reported that since the shift was due to end shortly, he advised Brown to place plaintiff in a comfortable location and check on him periodically. Brown agreed to McGrew's request.

Plaintiff neglected to provide a detailed description of his injury.

### *Law and Analysis*

#### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply

4

rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint and two amended complaints along with exhibits. Read liberally, plaintiff's complaint and amended complaints allege that McGrew failed to provide timely and appropriate medical care following Plaintiff's unfortunate accident, that Brown failed to provide Workers' Compensation following the accident, and that the remaining defendants – the Morehouse Parish Sheriff and the Wardens at MPDC – are vicariously liable for McGrew's actions.

*2. Medical Care*

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual

punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. To establish deliberate indifference, a prisoner-plaintiff must allege and demonstrate that the defendants had subjective knowledge of the risk of harm and the subjective intent to cause harm. Mere negligence or a failure to act reasonably is not enough. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001).

Here, plaintiff does not allege the complete denial of medical care, but rather a delay in providing needed medical attention. A delay in providing medical care to an inmate can only constitute an Eighth Amendment violation if there has been deliberate indifference resulting in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). In such cases, the facts alleged must clearly evince the "serious medical need" in question as well as the alleged official dereliction. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "A serious medical need is one for which treatment has been recommended <u>or for which the need is so apparent that even laymen would recognize that care is required</u>." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal quotation marks and citation omitted). "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado*, 920 F.2d at 321. Even "gross negligence" does not

6

establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff has alleged specific fault only against Lt. McGrew who he claims "was informed of [the] situation and did not act according[] to procedure..." He claimed McGrew ignored plaintiff's "situation" and neglected to timely seek medical treatment for him. Plaintiff's complaint and exhibits do not establish deliberate indifference as that term is defined by the jurisprudence. As noted above, in order to establish deliberate indifference on the part of a civil rights defendant, the facts alleged by the plaintiff must clearly evince a serious medical need and official dereliction. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "A serious medical need" in this context means a condition which is so apparent that even laymen would recognize that care is required. *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

According to the pleadings and exhibits, McGrew was not present at the time of the accident and relied instead upon information provided by Steve Brown. According to Brown, following the accident, he "... offered to take [plaintiff] to the emergency room, [but plaintiff] declined medical treatment, [and] just wanted the van to come and pick him up." McGrew's incident report stated that he received a call from Mr. Brown at approximately 2:00 p.m. (1400 hours). Brown told McGrew that his offer to transport plaintiff to the emergency room shortly after the accident was declined by the plaintiff. Brown also advised McGrew that plaintiff was bruised but otherwise seemed "o.k." McGrew then reported that since the shift was due to end shortly, he advised Brown to place plaintiff in a comfortable location and check on him periodically.

In other words, McGrew relied upon the information provided by Brown who was on the scene. According to Brown, plaintiff himself had declined immediate hospitalization and further,

7

according to Brown, it appeared that plaintiff suffered only a bruise, and was otherwise "o.k." In other words, the pleadings do not establish that plaintiff's condition was readily apparent to Brown, much less to McGrew, who relied upon Brown's description of plaintiff's injury. Clearly, the facts are insufficient to establish that plaintiff experienced a "serious medical need"; nor do the facts establish subjective knowledge or intent on the part of McGrew. Thus, McGrew cannot be faulted for deliberate indifference, and plaintiff has failed to state a claim for which relief may be granted.

### 3. Supervisory Officials

Plaintiff also faults Sheriff Tubbs, Warden Tappin and Assistant Warden Brown because "they are superior officers of [MPDC]..." In other words, plaintiff suggests that these prison officials are liable simply because of their positions as "superior officers." As plaintiff was previously advised, "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Plaintiff has not alleged personal involvement on the part of these supervisory defendants; nor has he alleged the existence of unconstitutional policies. He seeks to visit vicarious liability upon these defendants and he thus fails to state a claim for which relief may be granted.

*4. Employer Liability*

Finally, plaintiff faulted Steve Brown, his "employer," for failing to provide Workers Compensation. It is unclear whether Brown may be considered a "state actor," and thus be subject to the Eighth Amendment. *See Smith v. Cochran*, 339 F.3d 1205, 1213-14 (10th Cir.2003); *Campbell v. Skid*, Civil Action No. 08-1917, 2009 WL 1362733, at *4 (W.D.La.2009). However, even assuming that Brown was a "state actor," plaintiff has not alleged sufficient facts to establish an Eighth Amendment violation. If Brown is to be considered a "state actor," liability may be visited upon him only if the facts alleged demonstrate that he was deliberately indifferent to plaintiff's plight. According to the exhibits, Brown asked plaintiff if he needed to be transported to the hospital and plaintiff declined. Further, Brown observed only bruising[1] and thus it is clear that plaintiff's injury, if any, was not so apparent that even laymen would recognize that care is required. *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Thus, even if Brown may be considered a "state actor," the facts alleged do not establish deliberate indifference on his part.

Furthermore, plaintiff does not specifically allege deliberate indifference or any other Constitutional violation perpetrated by Brown. Rather, he faults Brown for failing to provide Workers' Compensation. Under Louisiana law, work-release inmates are considered the employees of their private employer and in the appropriate case may be entitled to Workers' Compensation benefits. *See Rogers v. Louisiana Dept. of Corrections*, 2008-43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, 256, *writ denied*, 2008-1178 (La.9/19/2008), 992 So.2d 931. Under Louisiana law, workers' compensation provides the exclusive remedy for employees who were injured in the course

---

[1] As previously noted, plaintiff was directed to provide a more specific description of his injury; he filed two amended complaints along with exhibits but failed to describe the harm that befell him as a result of the alleged violations of the defendants.

9

of employment. *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847 (5th Cir.2000); see also La. R.S.23:1031; La. R.S.23:1032(A)(1)(a). Nevertheless, to the extent that plaintiff faults Brown for failing to provide "workers compensation," he is not entitled to such relief in this forum. He must pursue his Workers' Compensation claims in a Louisiana forum as provided by Louisiana law. See La. R.S.23:1031 *et seq*. In short, plaintiff's civil rights claims against Mr. Brown must also be dismissed in this court for failing to state a claim for which relief may be granted, and to the extent he seeks Workers' Compensation benefits, his claim for Workers' Compensation should be dismissed without prejudice so that he can pursue it in the appropriate forum, should he so desire.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), and that his claim against Brown for Workers' Compensation be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions**

**accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5 th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 6, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE